

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2005

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4579

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Zheng v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1546.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1546

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4579
_____

MEI FENG ZHENG,

Petitioner

v.

JOHN ASHCROFT, Attorney General of
the United States,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A79-309-061)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2004

BEFORE: AMBRO and VAN ANTWERPEN, Circuit Judges,
and SHADUR, District Judge*

(Filed:   January 31, 2005)

OPINION

_____

*Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

SHADUR, District Judge

Because we write only for the parties, we provide here just those facts relevant to the issues on review. Mei Feng Zheng is a native of China who entered the United States unlawfully and without inspection sometime in 2000.[1] On July 5, 2001 the Immigration and Naturalization Service ("INS") instituted removal proceedings under 8 U.S.C. § 1182(a)(6)(A)(i). At her initial appearance before the IJ, Zheng conceded removability but sought to remain in the United States by applying for asylum, withholding of removal and protection under the Convention Against Torture ("Convention"). After granting a continuance to accommodate those applications, the IJ conducted a merits hearing and then orally denied Zheng's request for relief. Specifically the IJ concluded that Zheng was not eligible for asylum because she did not establish that her application was filed within a year of entering the United States and that she was not eligible for other forms of relief because her case lacked credibility. And the IJ further concluded that the asylum application was frivolous under 8 C.F.R. § 208.3(c)(5).

On July 22, 2002 Zheng exercised her right to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). Three months later the BIA issued a written opinion that reversed the IJ's finding of frivolousness but affirmed all other findings. In doing so the BIA explicitly

---

[1]   "Sometime in 2000" is used here advisedly--the precise date of Zheng's entry was one of the primary issues in the IJ's analysis of her asylum application and will be discussed below.

2

adopted both the IJ's credibility findings and his substantive finding as to timing of the asylum application. Zheng now petitions for review of the BIA opinion. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for the reasons set forth below.

This Court's jurisdiction over final orders of removal generally calls for the review of BIA decisions. But in cases such as this, where the BIA explicitly adopts the findings of the IJ in relevant part, our review reaches down to the IJ decision itself (Abdulai v. Ashcroft, 239 F.3d 542, 549 n. 2 (3d Cir. 2001)). And the scope of that review is quite narrow. As to findings of fact (which of course include determinations of credibility), we apply the substantial evidence standard, which requires that we affirm the decision below unless a reasonable adjudicator would be compelled to reach a contrary conclusion (8 U.S.C. § 1252(b)(4)(B); see also Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001)).

Absent extraordinary circumstances, an applicant for asylum must prove by clear and convincing evidence that the application was filed within one year of entry into the United States (8 U.S.C. § 1158(a)(2)(B); see also Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003)). Here the IJ concluded that Zheng had failed to satisfy that burden. Because it is undisputed that Zheng filed her application in April 2001, she thus had to establish that she entered into the United States after April 2000.

To that end Zheng asserted before the IJ that she had entered through California on September 12, 2000, and she introduced a witness to corroborate that assertion. But the IJ did not credit that entry date for two reasons. For one thing, the IJ noted that an I-589 application submitted and signed by Zheng indicated that she was living in Philadelphia in June 2000--a full three months earlier than her supposed entry. Even though that earlier date was also less than a

3

year before the April 2001 application date, the point is that it expressly discredits Zheng's testimony about the asserted September 2000 entry--and it leaves unanswered the question of how long <u>before</u> June 2000 she may have been in this country. As for the testimony of Zheng's witness, the IJ found it unpersuasive, in part because the witness said his only basis for his testimony as to Zheng's entry date was that Zheng had told him she entered on September 12 and in part because he appeared "excessively nervous" and "equivocated with his responses."

We have held in <u>Tarrawally</u>, 338 F.3d at 185, as other Circuits had done before us, that 8 U.S.C. § 1158(a)(3) divests us of jurisdiction to review the IJ's conclusion that Zheng failed to demonstrate by clear and convincing evidence that she filed her asylum application within one year of her date of entry. That being the case, that portion of the IJ's (and hence the BIA's) findings necessarily stands untouched.

As to her remaining claims, Zheng seeks relief on the premise that she suffered abuse in the form of persecution and torture from the Chinese authorities in the past and that she has reason to fear additional abuse upon her return. Specifically she claims that she and her family were initially persecuted because of her relationship with the son of her village chief; that after her father was arrested and she was forced to flee her home, she began to practice Falun Gong as a means of coping with her difficulties; and that her practice of Falun Gong led to further abuses at the hands of the Chinese authorities. In response to all of this mistreatment, Zheng ultimately decided to flee the country altogether.

But that account was rejected by the IJ, who denied relief based essentially on a

4

conclusion that Zheng's case lacked credibility.[2]  To support the adverse credibility

determination, the IJ set forth numerous inconsistencies between Zheng's oral testimony and

other documentary evidence presented in her case:

- Zheng testified that the village chief brought two policemen into her home and threatened

    her with arrest to discourage her relationship with the chief's son.  She further testified

    that as a result of that threat she ran away with the son to her aunt's house in a different

    village.  After she ran away, her father was assertedly detained by the police and

    eventually beaten and her mother assertedly asked her to come home.  But a letter

    submitted on Zheng's behalf by her mother failed to mention any of those events, and the

    IJ understandably viewed silence on such significant matters as discrediting Zheng's

    version.

- Zheng also testified that after police entered the family's home because they heard Falun

    Gong music being played, she escaped out of a window while her parents held the police

    and her mother was arrested as a result.  But both Zheng's filed written statement and her

    mother's letter were at variance with that account.  Moreover, during cross-examination

---

[2]    In its brief, the government argues that Zheng waived her right of appeal on all
issues other than the IJ's finding as to her entry date--and particularly her claims related
to withholding of removal and the Convention--because she failed to raise them
specifically in her brief.  But the IJ's conclusions on those claims were based on the same
credibility determinations that formed the basis for denial of Zheng's asylum application
on substantive grounds.  That is, the IJ cited lack of credibility as the basis for finding that
Zheng had not established that it was more likely than not that she would be persecuted
on her return to China (withholding of removal), or that it was more likely than not that
she would face torture on her return to China (Convention), or that she had a well-
founded fear of persecution (asylum).  So to the extent that this opinion considers whether
substantial evidence exists for the IJ's credibility determinations, it reviews all of Zheng's
claims.

Zheng attempted to explain the fact that her father was not arrested despite his role in restraining the police by stating that he was not a member of Falun Gong -- an explanation that the IJ also found difficult to believe.

- Zheng was not able to respond adequately to questions posed by the IJ regarding Falun Gong music. She could not explain why it was different from other forms of music (such that the police could readily identify it), nor could she identify the instruments that were used to play the music.

- Although Zheng testified that she still practiced Falun Gong in the United States, she was unable to supply the IJ with evidence beyond her testimony to support that claim. And her testimony itself was problematic in that she claimed to practice in downtown Philadelphia, but then gave the name of a street that is located in New York City.

On the basis of those numerous discrepancies and his general observations of Zheng's demeanor, the IJ concluded that she was "totally incredible and has submitted a case in chief which also lacks credibility." Again we can reverse that finding only if "any reasonable adjudicator would be compelled to conclude to the contrary" (He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004)). Although we recognize that another adjudicator might perhaps have decided to credit Zheng's story based on the evidence presented, we find that such a decision is not compelled. In short, because the IJ's credibility determination was reasonably grounded in the record, we uphold his findings.

We therefore DENY Zheng's petition.

6